THE STATE OF OHIO, APPELLEE, *v.* BLACK, APPELLANT.

[Cite as State v. Black, 20 Ohio App. 2d 315.]

(No. 3354—Decided April 2, 1969.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Leonard P. Zdara,* for appellee.

*Messrs. Baggott & Ernst,* for appellant.

KERNS, J.  The defendant, appellant herein, Norman Lee Black, was tried and convicted by the Court of Common Pleas of Montgomery County, without the intervention of a jury, of breaking and entering during the night season contrary to the provisions of Section 2907.10, Revised Code. From the judgment and sentence thereafter entered by the trial court, Black has appealed to this court on questions of law.

The errors relied upon in this appeal, as stated by the defendant, are: (1) that the verdict and judgment are not sustained by sufficient evidence and are contrary to law, and (2) that the court erred in overruling the defendant's motion for a new trial.  The two alleged errors are interrelated and have been argued together.

Specifically, the defendant challenges the sufficiency of the evidence presented by the prosecution to show that the crime was committed in the "night season," and the sufficiency of the evidence bearing upon the identification of the accused.

The rule controlling reviewing courts where the re-

versal of a criminal judgment is sought, as in the present case, is set forth in the early case of *Breese* v. *State,* 12 Ohio St. 146, as follows, in the fourth paragraph of the syllabus:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of conflict in oral testimony."

This court reverted to the same rule in the case of *State* v. *Johnson,* 57 Ohio Law Abs. 524. See, also, 3 Ohio Jurisprudence 2d 820, Section 821; *State* v. *Pinch,* 93 Ohio Law Abs. 136.

In the present case, it was entirely within the province of the trial court to determine the credibility of the witnesses and the weight and value to be given to their testimony. See *State* v. *Shively,* 172 Ohio St. 128.

Here, the evidence is such as to preclude any interference by this court with the determination made by the Court of Common Pleas. In other words, there is sufficient evidence upon each essential element of the crime to sustain the verdict by the requisite degree of proof.

The judgment will be affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.